

Niall D. Ó Murchadha
NOMurchadha@LundinPLLC.com
929.564.5483

May 19, 2023

**BY ECF**
Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: 138-77 Queens Blvd LLC v. Silver, No. 22-cv-5155-KAM-MMH, Joint Letter re. Discovery Dispute

Dear Judge Henry:

As directed by the Court during the conference held on May 12, 2023, the parties submit this joint letter concerning a discovery dispute raised by Defendant.

**DEFENDANT'S SUBMISSION**

This dispute is about a straightforward request for relevant documents that Plaintiff is suspiciously eager to avoid producing. As narrowed by meet-and-confer, Defendant wants communications concerning subject car wash premises between Plaintiff and 718 Super Wash Corp., which assumed the lease in October 2022, in order to get proof of rent payments made to Plaintiff, to find out whether any additional consideration was paid or any other benefit was provided to Plaintiff on the side, and to find out whether Plaintiff made admissible statements about the lease or the prior lessee. All these documents are discoverable and routinely produced, so Plaintiff's dug-in intransigence only begs the question. Defendant's Request No. 49 seeks:

*All documents relating to, concerning, reflecting or constituting communications with any other individual or entity that provided any consideration for use of the Premises.*

Plaintiff acknowledges that Request No. 49 covers communications with 718 Super Wash Corp., and its amended response to that Request is:

*In addition to the General Objections, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and seeking the production of documents that are not relevant to any party's claim or defense.*

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." And the applicable legal standard is well-established. *See, e.g., Walsh v. Top Notch Home Designs Corp.*, 2022 U.S. Dist. LEXIS 143801, at *6-7 (E.D.N.Y. Aug. 11, 2022) ("Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, the party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition") (internal citations and quotations omitted). Once relevance has been established, the burden shifts to the opposing party. *See, e.g., Martinez v. City of New York*, 2017 U.S. Dist. LEXIS 205854, at *2-3 (E.D.N.Y. Dec. 14, 2017) ("The party resisting discovery bears the burden of demonstrating not only that the discovery sought is burdensome or expensive, but

also must show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery").

Communications with the current lessee of the property are relevant to Defendant's claims or defenses. Plaintiff is claiming damages for lost rent through 2035, and the lease explicitly provides that QB Wash is entitled to an offset equal to "the net amount, if any, of the rents collected on account of the subsequent lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease." Lease § 18. Whether the issue is characterized as a form of set-off or contractual mitigation, courts routinely require production of such documents. *See, e.g., CP Sols. Pte, Ltd. v. GE*, 2006 U.S. Dist. LEXIS 104261, at *4, 7 (D. Conn. June 12, 2006) (ordering production of documents "concern[ing] a setoff between GE and Tru-Tech"); *Marseet v. Rochester Inst. of Tech.*, 2023 U.S. Dist. LEXIS 15672, *23-24 (W.D.N.Y. Jan. 30, 2023) (requiring production of mitigation evidence); *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 U.S. Dist. LEXIS 104020, *14 (E.D.N.Y. Nov. 9, 2009) ("Defendant is therefore entitled to discovery related to Plaintiff's efforts to mitigate the damages allegedly incurred"); *Data Sys. of New Jersey v. Philips Bus. Sys.*, 1981 U.S. Dist. LEXIS 10290, at *6 (S.D.N.Y. Jan. 8, 1981) (ordering production of "information, alleged to be relevant to the issue of mitigation of damages, concerning the relationship among plaintiffs, their trade organization Paradata, Inc., and other computer manufacturers").

Furthermore, the documents sought undoubtedly exist. It is undisputed that 718 Super Wash Corp. is paying money to Plaintiff, and it must have had communications with Plaintiff concerning these payments and the terms under which it was assuming the lease. The "familiar cry of fishing expedition," has no place here. *Walsh*, 2022 U.S. Dist. LEXIS 143801, at *15-16 ("focused and proportional discovery sought, i.e., which should be a search for facts to support a claim or defense, is by its very nature, a legitimate fishing expedition . . . . An objection that a request for inspection is a fishing expedition should be given short shrift. It is true that the party seeking discovery must still designate what it wishes to inspect, but all this obstacle means is that the would-be angler must have a general idea of what kind of fish he or she is hoping to catch") (internal citations and quotations omitted).

Finally, Plaintiff's claim of undue burden is meritless for two reasons. First, Plaintiff has so far only provided its books and records, and offered a representation from its principal that no side deals existed. This is far from sufficient. Defendant is not required to accept unsupported financial entries or party statements at face value—the entire purpose of broad discovery is to allow the parties to dig deeper and test the truth of each other's contentions. Second, Plaintiff has failed to establish any undue burden—"boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy" are insufficient and unacceptable. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009); *see also, e.g., Barella v. Vill. of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production"); *Martinez*, 2017 U.S. Dist. LEXIS 205854 at *3 ("Defendants cannot rely on some generalized objections . . .").

Based upon the foregoing, Defendant respectfully requests that Plaintiff be ordered to produce all communications with 718 Super Wash Corp. concerning the car wash premises.

**PLAINTIFF'S SUBMISSION**

Defendant states (at 2) that he wants Plaintiff's communications with 718 Super Wash Corp. ("718 Super") because they are relevant to the issue of mitigation of damages. Plaintiff, however, has already provided comprehensive disclosure on this issue. Plaintiff has produced financial statements and tax returns documenting all payments it has received from 718 Super, has undertaken to supplement such production from time to time, and has produced all communications and drafts leading up to the execution of the now-operative lease (the "2021 Lease") in April 2021. Plaintiff has further represented to Defendant – and now represents to the Court – that neither Plaintiff nor its principals have received any payments from 718 Super or any other party since 2021 relating to the subject property beyond the payments required under the 2021 Lease. Plaintiff has repeatedly offered to walk defense counsel through the payments due under the 2021 Lease as part of the meet-and-confer process to assure them there are no discrepancies, but they have declined.

Defendant says (at 2-3) that he needs Plaintiff's communications with 718 Super because he "is not required to accept unsupported financial entries or party statements at face value." But the proper request from Defendant to address these stated concerns would be to seek (i) financial records he deems more reliable (or a subpoena directed to Plaintiff's bank), and (ii) communications specifically concerning any payments or other benefits provided to Plaintiff or its principals beyond those required under the 2021 Lease. Plaintiff would not object to either request. With respect to the narrowed request for communications described in this paragraph, Plaintiff would respond, and it now represents to the Court, that no responsive documents exist.

Notably, Defendant offers no basis at all to believe that any additional or side payments were made, and he does not even offer a theory for why 718 Super would pay anything beyond what the 2021 Lease requires. Likewise, Defendant's claim (at 1) that the communications he seeks might contain "admissible statements about the lease or the prior lessee" is sheer speculation.

Defendant describes Plaintiff (at 1) as "suspiciously eager" to avoid making the production he seeks. In fact, Plaintiff objects because the production would be highly burdensome. After Plaintiff determined to pursue this litigation, it engaged an electronic discovery firm to conduct a forensic collection of each of its principal's emails and computer hard drives. That collection occurred in February 2022, before Plaintiff had any contact with 718 Super or its principals. Collecting the communications Defendant now seeks would accordingly require a new round of document collection from Plaintiff's principals, followed by intake and processing, a burdensome and expensive procedure that will not yield a single document relevant to Defendant's stated interests.

Defendant's motion to compel accordingly should be denied.

Respectfully submitted,

| **LUNDIN PLLC** | **ROSENBERG & ESTIS, P.C.** |
|---|---|
| By: /s/ John M. Lundin | By: /s/ Michael A. Pensabene |
| John M. Lundin | Michael A. Pensabene |
| Niall D. Ó Murchadha | Eric S. Askanase |
| Cynthia L. Botello | 733 Third Avenue |
| 405 Lexington Avenue, 26th Floor | New York, New York 10017 |
| New York, NY 10174 | Tel: (212) 867-6000 |
| Telephone: (212) 541-2402 | mpensabene@rosenbergestis.com |
| JLundin@LundinPLLC.com | easkanase@rosenbergestis.com |
| NOMurchadha@LundinPLLC.com | |
| CBotello@LundinPLLC.com | *Attorneys for Plaintiff 138-77 Queens Blvd LLC* |
| *Attorneys for Defendant Scott E. Silver* | |