**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 138-77 QUEENS BLVD LLC,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>SCOTT E. SILVER,<br><br>                                        Defendant. | Case No. 1:22-cv-05155-KAM-MMH |

## ANSWER & COUNTERCLAIM

Defendant SCOTT E. SILVER, by and through his undersigned counsel, answers the Complaint of 138-77 QUEENS BLVD LLC as follows:

1.       Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Zachary Silver, as President of QB Wash LLC, operated a carwash and automotive lube business located in Briarwood, Queens.

2.       Denies the allegations set forth in Paragraph 2 of the Complaint.

3.       Denies the allegations set forth in Paragraph 3 of the Complaint.

4.       Denies the allegations set forth in Paragraph 4 of the Complaint.

5.       Denies the allegations set forth in Paragraph 5 of the Complaint.

6.       Denies the allegations set forth in Paragraph 6 of the Complaint, and states that the records of the eviction action speak for themselves.

7.       Denies the allegations set forth in Paragraph 7 of the Complaint.

8.       Denies the allegations set forth in Paragraph 8 of the Complaint, and states that the bankruptcy court records speak for themselves.

9.       Denies the allegations set forth in Paragraph 9 of the Complaint.

1

10.     Denies the allegations set forth in Paragraph 10 of the Complaint.

11.     States that Paragraph 11 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

12.     Denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint, except admits that Wash Funding LLC is a Delaware entity formed in April 2020.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that he is the general counsel of Sherman Financial Group.

15.     States that Paragraph 15 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

16.     States that Paragraph 16 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that his principal residence is in Charleston, South Carolina, and that he is the general counsel of Sherman Financial Group.

20.     States that Paragraph 20 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

21.     States that Paragraph 21 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that he is a citizen of South Carolina for purposes of diversity jurisdiction.

27.     States that Paragraph 27 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, except admits that the Premises are located at 138-77 Queens Boulevard and an adjacent address.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint, except admits that Zachary Silver managed QB Wash's business.

39.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41.     Denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

43.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     Denies the allegations set forth in Paragraph 45 of the Complaint, except admits that he loaned funds to QB Wash in 2019-2020.

46.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, except admits that Zachary Silver managed QB Wash's business.

50.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 65 of the Complaint, except admits that Ethan Wohl copied him on an email, and states that the communication speaks for itself.

69.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint.

70.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, except admits that the action *138-77 Queens Blvd LLC v. QB Wash LLC*. No 715071/2020 was filed on September 4, 2020.

71.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

72.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint, and states that the communication speaks for itself.

75.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint.

79.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

83.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint, and states that the settlements and other bankruptcy court records speak for themselves.

85.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint, and states that the bankruptcy court records speak for themselves.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint.

89.     Denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

93.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint.

94.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint as to Maureen's income, and otherwise denies the allegations set forth in Paragraph 94 of the Complaint.

95.     Denies the allegations set forth in Paragraph 95 of the Complaint.

96.     Denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint, except that to the extent that Paragraph 99 contains allegations of communications with counsel for the purposes of obtaining legal advice, it is privileged and no answer is required.

100.     Denies the allegations set forth in Paragraph 100 of the Complaint, and states that the documents memorializing the transactions speak for themselves.

101.     Denies the allegations set forth in Paragraph 101 of the Complaint, and states that the documents memorializing the transaction speak for themselves.

102.     States that Paragraph 102 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

103.     States that Paragraph 103 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

104.     Denies the allegations set forth in Paragraph 104 of the Complaint.

105.     Denies the allegations set forth in Paragraph 105 of the Complaint.

106.     States that Paragraph 106 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

107.     Denies the allegations set forth in Paragraph 107 of the Complaint, and states that the bankruptcy court records speak for themselves.

108.     Denies the allegations set forth in Paragraph 108 of the Complaint.

109.     States that Paragraph 109 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

110.     States that Paragraph 110 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

111.     Denies the allegations set forth in Paragraph 111 of the Complaint, and states that the settlements and other bankruptcy court records speak for themselves.

112.     Denies the allegations set forth in Paragraph 112 of the Complaint, except admits that he had email communications with Michael Wood.

113.     Denies the allegations set forth in Paragraph 113 of the Complaint, and states that the email speaks for itself.

114.     Denies the allegations set forth in Paragraph 114 of the Complaint.

115.     Denies the allegations set forth in Paragraph 115 of the Complaint, and states that the referenced document speaks for itself.

116.     Denies the allegations set forth in Paragraph 116 of the Complaint.

117.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint.

118.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint.

119.     States that Paragraph 119 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

120.     States that Paragraph 120 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

121.     States that Paragraph 121 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

122.     States that Paragraph 122 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

123.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint.

124.     States that Paragraph 124 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

125.     States that Paragraph 125 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

126.     States that Paragraph 126 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

127.     States that Paragraph 127 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

128.   States that Paragraph 128 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

129.   States that Paragraph 129 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

130.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Complaint.

131.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint.

132.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint.

133.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint.

134.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint.

135.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint.

136.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Complaint.

137.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Complaint.

138.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Complaint.

139.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint.

140.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint.

141.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint.

142.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Complaint.

143.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint.

144.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint.

145.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Complaint.

146.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint.

147.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint.

148.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint.

149.     Denies the allegations set forth in Paragraph 149 of the Complaint.

150.     Denies the allegations set forth in Paragraph 150 of the Complaint.

151.     Denies the allegations set forth in Paragraph 151 of the Complaint, and states that the communication speaks for itself.

152.     Denies the allegations set forth in Paragraph 152 of the Complaint, and states that the communications speak for themselves.

153.     Denies the allegations set forth in Paragraph 153 of the Complaint.

154.     Denies the allegations set forth in Paragraph 154 of the Complaint.

155.     Denies the allegations set forth in Paragraph 155 of the Complaint.

156.     Denies the allegations set forth in Paragraph 156 of the Complaint, except admits that he is an attorney, and that Zachary Silver was in his twenties during the relevant time period.

157.     Denies the allegations set forth in Paragraph 157 of the Complaint, and states that the communication speaks for itself.

158.     Denies the allegations set forth in Paragraph 158 of the Complaint.

159.     Denies the allegations set forth in Paragraph 159 of the Complaint.

160.     Denies the allegations set forth in Paragraph 160 of the Complaint.

161.     Denies the allegations set forth in Paragraph 161 of the Complaint.

162.     Denies the allegations set forth in Paragraph 162 of the Complaint.

163.     Denies the allegations set forth in Paragraph 163 of the Complaint, and states that the privilege log speaks for itself.

164.     Denies the allegations set forth in Paragraph 164 of the Complaint, and states that the privilege log speaks for itself.

165.     Denies the allegations set forth in Paragraph 165 of the Complaint.

166.     Denies the allegations set forth in Paragraph 166 of the Complaint.

167.     Denies the allegations set forth in Paragraph 167 of the Complaint.

168.     Denies the allegations set forth in Paragraph 168 of the Complaint.

169.     Denies the allegations set forth in Paragraph 169 of the Complaint.

170.     Denies the allegations set forth in Paragraph 170 of the Complaint, and states that the transcript speaks for itself.

171.     Denies the allegations set forth in Paragraph 171 of the Complaint, and states that the transcript speaks for itself.

172.     Denies the allegations set forth in Paragraph 172 of the Complaint, except admits that Zachary Silver was in his twenties during the relevant time period.

173.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Complaint.

174.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the Complaint.

175.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Complaint.

176.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Complaint.

177.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the Complaint.

178.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding "the tenor of Plaintiff's principals' interactions with Zachary [Silver]", and otherwise denies the allegations set forth in Paragraph 178 of the Complaint.

179.    Denies the allegations set forth in Paragraph 179 of the Complaint.

180.    Denies the allegations set forth in Paragraph 180 of the Complaint.

181.    Denies the allegations set forth in Paragraph 181 of the Complaint.

182.    Denies the allegations set forth in Paragraph 182 of the Complaint.

183.    Denies the allegations set forth in Paragraph 183 of the Complaint.

184.    Denies the allegations set forth in Paragraph 184 of the Complaint.

185.    Denies the allegations set forth in Paragraph 185 of the Complaint.

186.    Denies the allegations set forth in Paragraph 186 of the Complaint.

187.    Denies the allegations set forth in Paragraph 187 of the Complaint.

188.    Denies the allegations set forth in Paragraph 188 of the Complaint.

189.    Denies the allegations set forth in Paragraph 189 of the Complaint.

190.    Denies the allegations set forth in Paragraph 190 of the Complaint.

191.    Denies the allegations set forth in Paragraph 191 of the Complaint.

192.    Denies the allegations set forth in Paragraph 192 of the Complaint.

193.    Denies the allegations set forth in Paragraph 193 of the Complaint.

194.    Denies the allegations set forth in Paragraph 194 of the Complaint.

195.    Denies the allegations set forth in Paragraph 195 of the Complaint.

196.    Denies the allegations set forth in Paragraph 196 of the Complaint.

197.    Denies the allegations set forth in Paragraph 197 of the Complaint.

198.    Denies the allegations set forth in Paragraph 198 of the Complaint.

199.    Denies the allegations set forth in Paragraph 199 of the Complaint, except admits that he is an attorney.

200.    Denies having information or knowledge sufficient to form a belief as to the truth of the allegations regarding Maureen's income, and otherwise denies the allegations set forth in Paragraph 200 of the Complaint.

201.    Denies having information or knowledge sufficient to form a belief as to the truth of the allegations regarding Maureen's income, and otherwise denies the allegations set forth in Paragraph 201 of the Complaint.

202.    Denies the allegations set forth in Paragraph 202 of the Complaint.

203.    Denies the allegations set forth in Paragraph 203 of the Complaint.

204.    Denies the allegations set forth in Paragraph 204 of the Complaint.

205.    Denies the allegations set forth in Paragraph 205 of the Complaint.

206.    Denies the allegations set forth in Paragraph 206 of the Complaint.

207.    Denies the allegations set forth in Paragraph 207 of the Complaint.

208.    Denies the allegations set forth in Paragraph 208 of the Complaint.

209.    Restates his responses to all preceding allegations as if set forth in full herein.

210.    States that Paragraph 210 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

211.    States that Paragraph 211 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

212.     States that Paragraph 212 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

213.     States that Paragraph 213 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

214.     States that Paragraph 214 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

215.     States that Paragraph 215 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

216.     States that Paragraph 216 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

217.     Restates his responses to all preceding allegations as if set forth in full herein.

218.     States that Paragraph 218 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

219.     Denies the allegations set forth in Paragraph 219 of the Complaint, but admits he knew that QB Wash had a lease with its landlord.

220.     Denies the allegations set forth in Paragraph 220 of the Complaint.

221.    Denies the allegations set forth in Paragraph 221 of the Complaint.

222.    States that Paragraph 222 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

223.    States that Paragraph 223 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

224.    States that Paragraph 224 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

225.    States that Paragraph 225 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

226.    States that the prayer for relief sets forth conclusions of law, to which no response is required.  To the extent that allegations of fact are made, Mr. Silver denies said allegations.

**AFFIRMATIVE DEFENSES**

Scott E. Silver asserts the following affirmative defenses in response to the Complaint:

**A.    Failure to Mitigate Damages**

227.    Plaintiff has failed to mitigate its damages.

228.    At all relevant times, Plaintiff and its predecessors knew that the right to conduct the car wash business at the Premises was a valuable asset.

20

229.     Plaintiff knew that in 2011, tenant Blvd. Wash & Lube Ltd. sold the car wash business to LB One, LLC, for a significant sum of money, upon information and belief, in excess of $2 million.

230.     Plaintiff also knew that in 2016, tenant LB One, LLC, sold the car wash business to QB Wash LLC for a cash payment and note totaling in excess of $2.5 million.

231.     During the course of their dealings with QB Wash, Plaintiff's principals repeatedly acknowledged the resale value of the car wash business in discussions between themselves, with QB Wash, and with prospective future tenants.

232.     Plaintiff knew that, if QB Wash decided to leave the Premises, the car wash business could be sold to a new tenant—either by QB Wash or by Plaintiff—for hundreds of thousands if not millions of dollars.

233.     But when Plaintiff reoccupied the Premises in March 2021 and entered into a new lease with Blvd 2 Car Wash Ltd. ("Blvd. 2"), Plaintiff did not collect any of this value.

234.     Instead, Plaintiff claims that it did the opposite.  Plaintiff's story is that it gave Blvd. 2 a sweetheart, below-market rent deal, in the understanding that Blvd. 2 would quickly turn around and sell the car wash business to another tenant.

235.     The only additional consideration Blvd. 2 gave in return was a number of limited structural repairs to the Premises.

236.     And this is just what happened.  In October 2022, only 16 months after it moved in, Blvd. 2 resold the car wash business to 718 Super Wash Corp. for a significant sum of money, upon information and belief in excess of $2.5 million.

237.    Functionally, Plaintiff gave Blvd. 2 a gift that may have exceeded $3 million (the resale price, plus Blvd 2's profits from operating the car wash business for 16 months at a below-market rent, less the value of the repairs).

238.    Indeed, this was the second time that Plaintiff or its predecessors had done this "deal"—Plaintiff admits that the 2010 tenant, Blvd. Wash & Lube Ltd., was in place only between June 2010 and March 2011, but when it left it sold the car wash business to LB One LLC for, upon information and belief, more than $2 million.  And Blvd. Wash & Lube Ltd. was owned and controlled by the same people who own and control Blvd. 2, upon information and belief a father and son, Joseph Capparelli and Nicholas Capparelli (together, the "Capparellis").

239.    If Plaintiff's own story is to be believed, Plaintiff or its predecessors have allowed the Capparellis to extract, upon information and belief, more than $5 million in value from the car wash business in exchange for two years of below-market rent and a few repairs.

240.    There are two possible explanations for this bizarre sequence of events.

241.    First, Plaintiff could be hiding the truth—Plaintiff may well have gotten additional consideration directly or indirectly from Blvd. 2, either when it moved in in 2021 or when it sold the business in 2022, that Plaintiff has not disclosed.

242.    Second, in the alternative, Plaintiff may not have cared, because it knew that any additional consideration it received from Blvd. 2 would have mitigated or set off whatever Plaintiff was owed by QB Wash.  Section 18 of the lease provides that QB Wash can be held liable for the "deficiency between the rent hereby reserved and or covenanted to be paid and the net amount, if any, of the rents collected on account of the subsequent lease or leases of the demised premises . . .," so a higher rent payment by Blvd. 2 would only serve to reduce Plaintiff's claim for damages against QB Wash.  Similarly, any payments to Plaintiff reflecting the value of the car

wash business would be a set-off against Plaintiff's other claims against QB Wash, such as attorney fees, interest, etc.

243.    By the time Plaintiff entered into its 2021 deal with Blvd. 2, it had already identified Mr. Silver as a deep pocket that it was going to pursue in litigation, and upon information and belief, Plaintiff decided that it wanted to get the money from Mr. Silver rather than from the Capparellis or their Blvd. 2.

244.    But Plaintiff's obviously-personal vendetta against Mr. Silver does not excuse its duty to mitigate damages.  Because Plaintiff could have obtained (if it didn't actually obtain) much more money from Blvd. 2 than it did, Plaintiff has failed to mitigate its damages vis-a-vis QB Wash, and QB Wash's debt to Plaintiff (if any) must be reduced in consequence.

**B.    Set Off**

245.    Defendant repeats and realleges each and every allegation contained in the foregoing ¶¶ 227-244 as if fully set forth herein.

246.    Because Plaintiff either received, or had the opportunity to receive, additional consideration from Blvd. 2, which would have mitigated or set off whatever Plaintiff was owed by QB Wash, but Plaintiff either (a) has concealed from Defendant and the Court any additional consideration it received from Blvd. 2 or (b) chose not to pursue any additional consideration from Blvd. 2 in order to instead pursue its vendetta against Mr. Silver, Plaintiff's claims are barred, in whole or in part, by Mr. Silver's right to set off losses incurred as a result of Plaintiff's misconduct and any undisclosed additional consideration received by Plaintiff from its subsequent tenants.

247.    When QB Wash surrendered the Premises to Plaintiff in 2021, the value of what was surrendered included not only the right to re-lease the Premises but also the right to sell the car wash business itself, with an accompanying lease, as a going concern.

248.    The market value of the car wash business as a going concern was at least the $2.5 million for which, on information and belief, Blvd 2 resold the car wash business to 718 Super Wash Corp. in October 2022.

249.    To the extent Mr. Silver is liable to Plaintiff, any liability must be reduced or set off by the value Plaintiff received based on the surrender of the car wash business in 2021.

**C.    Unclean Hands**

250.    Defendant repeats and realleges each and every allegation contained in the foregoing ¶¶ 227-244 as if fully set forth herein.

251.    Because Plaintiff either received, or had the opportunity to receive, additional consideration from Blvd. 2, which would have mitigated or set off whatever Plaintiff was owed by QB Wash, but Plaintiff either (a) has concealed from Defendant and the Court any additional consideration it received from Blvd. 2 or (b) chose not to pursue any additional consideration from Blvd. 2 in order to instead pursue its vendetta against Mr. Silver, Plaintiff's claims are barred, in whole or in part, by its unclean hands.

252.    When QB Wash surrendered the Premises to Plaintiff in 2021, Plaintiff could have mitigated its damages by capitalizing on the value of the car wash business as a going concern.

253.    The market value of the car wash business as a going concern was at least the $2.5 million for which, on information and belief, Blvd. 2 resold the car wash business to 718 Super Wash Corp. in October 2022.

24

254.    Rather than seeking to obtain any additional consideration from Blvd. 2 for the value of the business as a going concern, Plaintiff instead chose to gift the business to Blvd. 2 in exchange for only a below-market rent deal and limited structural repairs to the Premises.

255.    Plaintiff did so, upon information and belief, because it knew that any additional consideration it received from Blvd. 2 would have mitigated or set off whatever Plaintiff was owed by QB Wash, and thus would have hindered Plaintiff's efforts to pursue Mr. Silver.

256.    In effect, Plaintiff knowingly passed up the opportunity to monetize the value of the car wash business and mitigate its damages, in order to continue its obviously-personal vendetta against Mr. Silver.

257.    In the alternative, to the extent Plaintiff did receive additional consideration from Blvd. 2 for the value of the business as a going concern, it has concealed such additional from Defendant and the Court.

258.    Thus, Plaintiff's claims are barred, in whole or in part, by its unclean hands.

**D.      Other Affirmative Defenses**

259.    Plaintiff's claims are barred, in whole or in part, by its failure to state a claim upon which relief can be granted.

260.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

261.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

262.    Plaintiff's claims are barred, in whole or in part, by the doctrine of settlement and release.

263.    Plaintiff's claims are barred, in whole or in part, by its failure to join a necessary party viz. QB Wash LLC.

**COUNTERCLAIM: DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201(a)**

Scott E. Silver asserts the following counterclaim in response to the Complaint:

264.    Defendant seeks a declaratory judgment to resolve a question concerning the respective rights, obligations, and duties of Plaintiff-Counterclaim Defendant 138-77 Queens Blvd. LLC and QB Wash LLC with respect to the Premises and the car wash business being conducted there.

265.    A justiciable controversy exists on the questions whether Plaintiff had the duty to monetize the value of the car wash business in order to mitigate its damages vis a vis QB Wash LLC.

266.    The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties and will provide certainty to the parties with respect to their rights and obligations.

267.    Defendant-Counterclaim Plaintiff Scott E. Silver is a citizen of South Carolina.

268.    Plaintiff-Counterclaim Defendant 138-77 Queens Blvd. LLC is, upon information and belief, a New York LLC with its principal place of business in New York.  The three members of the LLC are citizens of New York and New Jersey: Ethan Wohl is a citizen of New Jersey, Ellen Vaknine is a citizen of New York, and Maureen Wohl (in her capacity as trustee of a marital trust) is a citizen of New York.

269.    The Court has subject-matter jurisdiction based upon complete diversity and the fact that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

270.    Venue and personal jurisdiction are established by Plaintiff's affirmative act of filing its Complaint in this Court.

271.    As set forth in ¶¶ 227-244, above, QB Wash spent in excess of $2.5 million to buy the right to conduct the car wash business at the Premises.

272.    In April 2021, Plaintiff handed over the going concern value of the car wash business to Blvd. 2 in exchange for only a below-market rent deal and a number of limited structural repairs to the Premises, and in October 2022 Blvd. 2 sold the going concern value of the car wash to 718 Super Wash Corp., apparently with little or no consideration to Plaintiff.

273.    As set forth in ¶¶ 227-244, above, in April 2021 Plaintiff had the opportunity to mitigate its claimed damages by monetizing the value of the car wash business, but Plaintiff, perhaps intentionally, failed to do so.

274.    Alternatively, Plaintiff did directly or indirectly monetize the value of the car wash but has concealed that fact from Defendant and the Court.

275.    Regardless of which is the case, Defendant is entitled to a declaration that Plaintiff's damages in this action, if any, shall be reduced by the reasonable value of the car wash business or by the amount actually realized by Plaintiff directly or indirectly for the car wash business, whichever is higher.

## PRAYER FOR RELIEF

276.    Defendant respectfully requests that this Court issues a judgment as follows:

i.    Dismissing all claims asserted by Plaintiff;

ii.    Granting Defendant a declaratory judgment to the effect that Plaintiff's damages in this action, if any, shall be reduced by the reasonable value of the car wash business or by the amount actually realized by Plaintiff directly or indirectly for the car wash business, whichever is higher;

iii.    Granting Defendant an award of costs and attorney fees;

iv.    Granting Defendant any other and further relief the Court sees fit.

Dated: New York, New York
        August 11, 2023

**LUNDIN PLLC**

By: _____

John M. Lundin
Niall D. Ó Murchadha
LUNDIN PLLC
405 Lexington Avenue, 26th Floor
New York, NY 10174
jlundin@lundinpllc.com
nomurchadha@lundinpllc.com
Office:  212.541.2402

*Attorneys for Defendant Scott E. Silver*