UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

138-77 QUEENS BLVD LLC,

        Plaintiff,

  - against -

SCOTT E. SILVER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 22-CV-5155-KAM-MMH

**STIPULATION AND ORDER REGARDING ATTORNEY FEE AND DOCUMENT CUSTODIAN DISCOVERY**

  WHEREAS, Defendant has sought disclosure of attorney time records in connection with Plaintiff's contract-based claim for attorneys' fees, and Plaintiff had advised that it may seek reciprocal discovery in connection with such claim;

  WHEREAS, Plaintiff has determined that under controlling precedent, "when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees," *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993), and that a fee application is properly made by post-trial motion pursuant Fed. R. Civ. P. 54(d)(2); and Defendant takes no position on the foregoing and reserves all rights;

  WHEREAS, Plaintiff has accordingly advised Defendant that it will not present evidence regarding the amount of attorneys' fees it seeks at any trial of this matter, and in light thereof, the parties agree (subject to approval of the Court) that discovery concerning attorneys' fees should be deferred until after trial;

  WHEREAS, the parties further agree (subject to approval of the Court) that depositions of third party document custodians should be deferred until the trial preparation phase in this action, after the resolution of any motions for summary judgment, in anticipation that the parties will be able to then avoid the need for such depositions through stipulation;

NOW THEREFORE, subject to the approval of the Court, the parties stipulate and agree as follows:

1. Neither party need serve or respond to discovery requests concerning a claim for attorneys' fees during the fact discovery phase in this matter. Following trial in this matter, if any, the parties shall meet-and-confer and endeavor to reach agreement regarding attorneys' fee discovery. If the parties are unable to reach agreement, either party may seek an Order of the Court directing such discovery.

2. Neither party need notice or conduct depositions of third party document custodians during the fact discovery phase in this matter. During the trial preparation phase in this action, after the resolution of any motions for summary judgment, the parties shall meet-and-confer and endeavor to eliminate the need for third party document custodian depositions. If the parties are unable to do so, either party may notice such depositions without further Order of the Court.

Dated: New York, New York
September 6, 2023

**ROSENBERG & ESTIS, P.C.**

By: *Eric S. Askanase*
   Michael A. Pensabene
   Eric S. Askanase
   733 Third Avenue
   New York, New York 10017
   (212) 867-6000
   mpensabene@rosenbergestis.com
   easkanase@rosenbergestis.com
   *Attorneys for Plaintiff*

Dated: Brooklyn, New York
   September 8, 2023

**LUNDIN PLLC**

By: *Niall D. Ó Murchadha*
   John M. Lundin
   Niall D. Ó Murchadha
   405 Lexington Avenue, 26th Floor
   New York, New York 10174
   (212) 541-2402
   jlundin@lundinpllc.com
   nomurchadha@lundinpllc.com
   *Attorneys for Defendant*

**SO ORDERED:**

*Marcia M. Henry*
MARCIA M. HENRY
United States Magistrate Judge