

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Eric S. Askanase
+1 (212) 551-1267
easkanase@rosenbergestis.com

September 19, 2023

**By ECF**
Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *138-77 Queens Blvd LLC v. Silver*, No. 22-cv-5155-KAM-MMH

Dear Judge Henry:

We represent the Plaintiff, 138-77 Queens Blvd LLC.  Plaintiff hereby moves to compel responses to its Third Set of Interrogatories (the "Interrogatories") and Fourth Request for Production of Documents (the "Document Requests").

<u>Background</u>

This is a two-party diversity action in which the Plaintiff, a commercial landlord, asserts state law claims for tortious interference with contract, veil piercing, and (in a proposed amended complaint presently sub judice) fraud, arising out of breach of a lease for Plaintiff's carwash property by an entity, QB Wash LLC ("QB Wash"), which was managed by the Defendant's son, Zachary Silver ("Zachary").

A central issue in the case concerns the role Defendant played with respect to QB Wash. Plaintiff asserts that the Defendant directed Zachary and controlled QB Wash; Defendant asserts he played a limited, and merely advisory, role.

On August 16, 2023, Defendant was deposed, and the following week, Plaintiff served the Interrogatories and the Document Requests.  Defendant requested additional time to respond [ECF No. 57], which the Court approved by Order dated September 6, 2023, extending the fact discovery cutoff in this case to September 22, 2023.

Defendant then served his responses on September 15, 2023, refusing to answer 13 of 16 interrogatories and refusing the production sought by two of three document requests.  The Interrogatories and Document Requests, together with Defendant's objections and responses thereto, are attached, respectively, as **Exhibits A and B**.  The parties met-and-conferred earlier today and did not resolve the disputed issues.  This motion follows.

Hon. Marcia M. Henry
September 19, 2023
Page 2

<u>Summary of the Discovery Requests, Defendant's Responses and Argument</u>

<u>Interrogatories Nos. 1-6 and 9-11 and Document Request No. 1</u>

These interrogatories ask Defendant to identify documents concerning specific, targeted issues relevant to this case. The related document request seeks production of the documents identified to the extent not previously produced. For all but one of these interrogatories, Plaintiff's extensive searches have identified no responsive documents and Plaintiff seeks to have Defendant either identify any documents he claims are responsive, or confirm that none exist.

Interrogatories Nos. 1, 2, and 9 concern instances where Defendant has asserted Zachary took some action, but Plaintiff has found no documentary support. Plaintiff seeks, through these interrogatories, to establish the absence of documentary support for Defendant's assertions.

Interrogatories Nos. 3, 4, and 5 concern topics where Defendant took actions involving QB Wash but no relevant communications between him and Zachary have been produced. Plaintiff seeks, through these interrogatories, to demonstrate that on a range of topics relevant to QB Wash, Defendant's practice was to procure action by Zachary with no written communications.

Interrogatory No. 6 seeks disclosure concerning certain interactions about QB Wash between Defendant and Zachary. At their depositions, Defendant and Zachary asserted little or no recollection on this topic (Defendant Tr. 86:18-89:12; Zachary Tr. 246:12-247:18). Interrogatory No. 10 seeks to identify agreements that Zachary personally executed, in light of evidence in the record that Defendant either executed documents on Zachary's behalf or individually approved their execution by Zachary (Dep. Exs. 33, 50, 130). Interrogatory No. 11 seeks to confirm the QB Wash financial statements that Defendant reviewed. Plaintiff seeks, through these interrogatories, to clarify the record on these topics.

Defendant has objected to, and refused to answer, all of these interrogatories on the grounds that "responding would require review of records that could as easily be performed by Plaintiff" and "the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed." *See, e.g.*, Defendant's Objections to Interrogatory No. 1.

Interrogatories that seek to have a party identify documents supporting its position on a topic are clearly proper. *E.g.*, *GunsAmerica, LLC v. GB Invs., Inc.*, No. 08-CV-1385 (MKB) (AKT), 2020 WL 1861901, at *3 (E.D.N.Y. Apr. 13, 2020) (holding that in response to an interrogatory seeking identification of documents on which the defendant intended to rely, identification of categories was insufficient and "the defendant should have also identified the Bates numbers/ranges for these documents so that plaintiff can readily identify which documents defendant claims are responsive to this specific request"); *CFTC v. McCrudden*, No. 10-CV-5567 (DRH) (AKT), 2013 WL 1148901, at *1 (E.D.N.Y. Mar. 19, 2013) (directing response to interrogatory asking the defendant to "[i]dentify all documents reflecting your attempts to register with the NFA/CFTC").

Here, Plaintiff has served these interrogatories for a specific purpose: to achieve clarity regarding the contents of the record regarding specific, material issues in the case. In the absence of

Hon. Marcia M. Henry
September 19, 2023
Page 3

answers, if Plaintiff argues to the Court or a jury that no documents exist, Defendant will be free to deny knowledge or question the accuracy of the assertion.  Plaintiff also faces the prospect of being surprised by a document that Defendant later asserts to be responsive.

Interrogatories Nos. 7 and 8

Interrogatory No. 7 supplements Interrogatory No. 6, and as above, seeks disclosure concerning certain interactions about QB Wash between Defendant and Zachary about which they both asserted little or no recollection at their depositions.

Interrogatory No. 8 addresses Defendant's formation of an entity, Wash Funding LLC ("Wash Funding"), that became a creditor of QB Wash shortly after QB Wash ceased paying rent to the Plaintiff.  Plaintiff contends Defendant formed Wash Funding to conceal the role of his family trusts in fraudulent transfers that harmed Plaintiff.  Defendant testified at deposition that Wash Funding was formed to engage in other transactions.  Plaintiff has found no record of these other transactions, and seeks to have Defendant identify such transactions and (through Interrogatory No. 9), identify responsive documents.

Interrogatory No. 12 and Document Request No. 3

These discovery requests seek disclosure regarding Defendant's professional responsibilities.  Plaintiff has argued that Defendant had particular legal expertise relevant to the fraudulent transfers at issue in the case, *see* complaint [ECF No. 1] ¶¶ 14, 17, 165, because he is general counsel of one of the largest consumer debt collection firms in the country.  At his deposition, Defendant disputed his role with respect to debt collection (Defendant Tr. 46:6-52:20) and Plaintiff accordingly seeks further disclosure on this issue.

Interrogatories Nos. 13 and 14

These are contention interrogatories directed to two specific issues in the case.  Defendant has only partially answered Interrogatory No. 13 and has refused to answer Interrogatory No. 14.  Contention interrogatories are proper at this stage of the litigation, *e.g.*, *Linde v. Arab Bank, PLC*, No. 04-CV-2799 (NG) (VVP), 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012), and both interrogatories address specific issues in dispute.  Responding to Interrogatory No. 13, Defendant contends that "term 'economic interest' [sic] are vague and undefined" but this defense was argued at length by Defendant at the motion to dismiss stage.  *See* ECF No. 19 at 17-19; ECF No. 21 at 8-9; ECF No. 28 at 1-3.

As set forth above, each of the Interrogatories and Document Requests seeks targeted and material disclosure, and Defendant should be directed to answer each completely.

Respectfully submitted,

Eric S. Askanase

cc:   All counsel of record (via ECF)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 138-77 QUEENS BLVD LLC,<br><br>                  Plaintiff,<br><br>       v.<br><br>SCOTT E. SILVER,<br><br>                  Defendant. | Case No. 1:22-cv-05155-KAM-MMH |

### DEFENDANT SCOTT E. SILVER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and all applicable Local Rules and Individual Practices, Defendant Scott E. Silver, by and through his undersigned counsel, hereby objects and responds to the Third Set of Interrogatories dated August 25, 2023 (the "Interrogatories") served by Plaintiff 138-77 Queens Blvd LLC ("Plaintiff").

Nothing herein shall be construed as a waiver of any rights or objections that are otherwise available to Mr. Silver.  Mr. Silver reserves his right to amend and supplement the following Objections and Responses as discovery and investigation continue.

### GENERAL OBJECTIONS

These general objections (collectively, the "General Objections") are hereby incorporated into each specific objection and response below and are not necessarily repeated therein.  The restatement of these objections in specific responses below should not be construed as a waiver of this general objection as to other responses.

1.      Mr. Silver objects to each Interrogatory to the extent that it is premature and calculated to prejudice Mr. Silver's position by requiring him to disclose legal arguments, counterclaims, and affirmative defenses, and by requiring him to disclose his and his counsel's evaluation of the relevant facts before such disclosure is required by the applicable Federal

1

Rules of Civil Procedure and the Local Rules of this Court, and before fact and expert discovery has been completed.

2.      Mr. Silver objects to each Interrogatory to the extent that it calls for information that is irrelevant, not calculated to lead to the discovery of admissible evidence, or would be unduly burdensome to provide.

3.      Mr. Silver objects to each Interrogatory to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, the privilege accorded subsequent remedial measures, applicable criminal or civil laws (including privacy laws), or any other applicable privilege or doctrine protecting such information from disclosure.  Mr. Silver reserves the right to withhold privileged information.

4.      Mr. Silver objects to each Interrogatory to the extent that it calls for information that is outside Mr. Silver's knowledge.

5.      Mr. Silver objects to each Interrogatory to the extent that it is inconsistent with, or imposes obligations or burdens beyond those required or permitted by, the Federal Rules and the rulings of this Court.

6.      Mr. Silver objects to each Interrogatory to the extent that it is vague, ambiguous, overly broad, unduly burdensome, lack sufficient particularity, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Mr. Silver objects to each Interrogatory to the extent that it calls for disclosure of confidential, personal, proprietary financial information, or trade secrets, or otherwise require Mr. Silver to violate the privacy or proprietary rights of others.

8.      Mr. Silver objects to each Interrogatory to the extent that it calls for information readily available through public sources.

2

9.      Mr. Silver objects to each Interrogatory to the extent that it calls for information

that can as easily be discovered from business records by Plaintiff as by Mr. Silver.

10.      Mr. Silver's responses are based solely on the information obtained and

reviewed to date.  Discovery and investigation of facts relevant to this case are ongoing, and

Mr. Silver reserves the right to amend, modify, or supplement these objections and responses

as necessary to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules

of this Court.

**SPECIFIC ANSWERS AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify, by Bates number, all communications in which Defendant asserts that Zachary

negotiated any of the terms of the purchase of the Carwash Business from LB One.

**OBJECTIONS TO INTERROGATORY NO. 1:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory

No. 1 on the grounds that responding would require review of records that could as easily be

performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the

burden and expense of locating responsive information would outweigh the marginal

probative value, if any, of any information disclosed.

**INTERROGATORY NO. 2:**

Identify, by Bates number, all communications in which Defendant asserts that

Defendant requested direction from Zachary, or Zachary provided direction to Defendant,

concerning the payoff of the LB One Note in 2017.

**OBJECTIONS TO INTERROGATORY NO. 2:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory

No. 2 on the grounds that responding would require review of records that could as easily be

performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the

3

burden and expense of locating responsive information would outweigh the marginal

probative value, if any, of any information disclosed.

**INTERROGATORY NO. 3:**

Identify, by Bates number, all communications between Defendant and Zachary

concerning the terms or execution of the Silver Family Trust Notes.

**OBJECTIONS TO INTERROGATORY NO. 3:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory

No. 3 on the grounds that responding would require review of records that could as easily be

performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the

burden and expense of locating responsive information would outweigh the marginal

probative value, if any, of any information disclosed.

**INTERROGATORY NO. 4:**

Identify, by Bates number, all communications between Defendant and Zachary

concerning the assignment of the Silver Family Trust Notes to Wash Funding in 2020.

**OBJECTIONS TO INTERROGATORY NO. 4:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory

No. 4 on the grounds that responding would require review of records that could as easily be

performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that it

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence in this action.  Mr. Silver further objects to this Interrogatory on the

grounds that the burden and expense of locating responsive information would outweigh the

marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 5:**

Identify, by Bates number, all communications between Defendant and Zachary

concerning the execution of the Account Control Agreement dated July 8, 2020 [Bates No. S0007144].

**OBJECTIONS TO INTERROGATORY NO. 5:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 5 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 6:**

Identify, by Bates number, all communications in which Defendant asserts that Zachary disagreed with or declined to follow a recommendation, advice or direction from Defendant concerning QB Wash, the Carwash Business, the Lease, the Rent Reset, or the Previous Litigation.

**OBJECTIONS TO INTERROGATORY NO. 6:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 6 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 7:**

Identify, with reasonable specificity as to subject matter and date, all occasions on which Defendant asserts that Zachary disagreed with or declined to follow a recommendation, advice or direction from Defendant concerning QB Wash, the Carwash Business, the Lease, the Rent Reset, or the Previous Litigation.

5

**OBJECTIONS TO INTERROGATORY NO. 7:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 7 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that it calls for a lengthy narrative response more appropriate for deposition testimony.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 8:**

Identify, by name of business (if applicable), address of business or real property, and type of transaction, the transaction or transactions to which Defendant was referring in the following deposition testimony given in this matter:

Q. And why did you form Wash Funding?
A. I formed Wash Funding because Zachary was looking at deals
to basically sort of buy notes on car washes and things. He at some point thought he had a deal that was getting close. My recollection is he was bugging me to set up an entity, so I had an entity set up.

**OBJECTIONS TO INTERROGATORY NO. 8:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 8 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that it calls for a lengthy narrative response more appropriate for deposition testimony.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 9:**

Identify, by Bates number, all communications between Defendant and Zachary concerning the transaction or transactions identified in response to Interrogatory No. 8 above.

**OBJECTIONS TO INTERROGATORY NO. 9:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 9 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 10:**

Identify, by Bates number, all retainer agreements and other contracts that Defendant asserts Zachary personally executed on behalf of himself or QB Wash in connection with the Carwash Business, the Rent Reset, or the Previous Litigation in 2019 or 2020.

**OBJECTIONS TO INTERROGATORY NO. 10:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 10 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 11:**

Identify, by Bates number, all financial statements of QB Wash or reports showing the financial performance of the Carwash Business, that Defendant received during the period January 2016 through December 2020.

**OBJECTIONS TO INTERROGATORY NO. 11:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 11 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 12:**

State whether Defendant's professional responsibilities in 2020 included serving as counsel for, or directly or indirectly supervising attorneys or other personnel at, any entity affiliated with Sherman Financial Group LLC that conducted debt collection activities. If the answer to the previous sentence is "yes," identify each such entity and describe Defendant' professional responsibilities with respect to it.

**OBJECTIONS TO INTERROGATORY NO. 12:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 12 on the grounds that on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Mr. Silver further objects to this Interrogatory on the grounds that it calls for a lengthy narrative response more appropriate for deposition testimony.  Mr. Silver further objects to this Interrogatory on the grounds that the terms "indirectly" and "supervising" are vague and undefined.  Mr. Silver further objects to this Interrogatory on the grounds that it calls for a lengthy narrative response more appropriate for deposition testimony.

**INTERROGATORY NO. 13:**

State whether Defendant asserts an "economic interest" in QB Wash and state the nature and amount of that interest, if any.

8

**OBJECTIONS TO INTERROGATORY NO. 13:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 10 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the term "economic interest" are vague and undefined.  Mr. Silver further objects to this Interrogatory on the grounds that it is argumentative and seeks a conclusion of law.  Subject to the foregoing objections, Mr. Silver hereby responds as follows: Mr. Silver is personally a creditor of QB Wash in the principal amount of $165,00.  Mr. Silver is also the Manager of Wash Funding LLC, which is QB Wash's largest creditor.  Mr. Silver is also the Trustee and Beneficiary of the Deirdre Silver Family Trust, which is in turn an owner of Wash Funding LLC.

**INTERROGATORY NO. 14:**

If Defendant does not admit the truth of the statement in Request for Admission No. 6 in Plaintiff's First Set of Requests for Admission then identify, specify, and describe all grounds on which Defendant maintains that QB Wash was not insolvent (as defined in N.Y. D.C.L. § 271) during the period March 1, 2020 through the date of its filing for bankruptcy in February 2021.

**OBJECTIONS TO INTERROGATORY NO. 14:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 14 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

**INTERROGATORY NO. 15:**

Identify all business and financial advisors that Defendant recommended to Zachary or retained on behalf of Zachary or QB Wash in connection with the Carwash Business from January 2016 through December 2020.

**OBJECTIONS TO INTERROGATORY NO. 15:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 15 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal probative value, if any, of any information disclosed.

Subject to the foregoing objections, Mr. Silver hereby responds as follows:  Mr. Silver is not aware of having recommended or retained any business or financial advisor on behalf of Zachary or QB Wash in connection with the Carwash Business from January 2016 through December 2020.

**INTERROGATORY NO. 16:**

Identify all attorneys that Defendant recommended to Zachary or retained to provide advice or representation to Zachary or QB Wash in connection with the Carwash Business, the Lease, the Rent Reset, or the Previous Litigation from October 2015 through February 2021.

**OBJECTIONS TO INTERROGATORY NO. 16:**

In addition to the General Objections, Mr. Silver specifically objects to Interrogatory No. 16 on the grounds that responding would require review of records that could as easily be performed by Plaintiff.  Mr. Silver further objects to this Interrogatory on the grounds that the burden and expense of locating responsive information would outweigh the marginal

probative value, if any, of any information disclosed.

Subject to the foregoing objections, Mr. Silver hereby responds as follows: Mr. Silver recommended or retained Foley & Lardner LLP and McDermott Will & Emery LLP to provide advice or representation to Zachary or QB Wash in connection with the Carwash Business, the Lease, the Rent Reset, or the Previous Litigation from October 2015 through February 2021.

Dated: New York, New York
         September 15, 2023

                                                    By:  __/s/Niall D. Ó Murchadha
                                                    John M. Lundin
                                                    Niall D. Ó Murchadha
                                                    LUNDIN PLLC
                                                    405 Lexington Avenue, 26th Floor
                                                    New York, NY 10174
                                                    jlundin@lundinpllc.com
                                                    nomurchadha@lundinpllc.com
                                                    Office:  212.541.2402

## <u>VERIFICATION OF INTERROGATORY ANSWERS</u>

I, Scott E. Silver, being duly cautioned and sworn, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the answers to the foregoing interrogatories are true to the best of my knowledge, information and belief.

Executed on September 15, 2023

Scott E. Silver

# EXHIBIT B

RE\87112\0004\5224293v1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 138-77 QUEENS BLVD LLC,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>SCOTT E. SILVER,<br><br>                                    Defendant. | Case No. 1:22-cv-05155-KAM-MMH |

## DEFENDANT SCOTT E. SILVER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Scott E. Silver, by and through his undersigned counsel, hereby objects and responds Plaintiff's Fourth Request for Production of Documents dated August 25, 2023 (the "Requests") served by Plaintiff 138-77 Queens Blvd LLC ("Plaintiff").

Nothing herein shall be construed as a waiver of any rights or objections that are otherwise available to Mr. Silver. Mr. Silver reserves his right to amend and supplement the following Objections and Responses as discovery and investigation continues.

## GENERAL OBJECTIONS

These general objections and the objections to definitions (collectively, the "General Objections") are hereby incorporated into each specific objection and response below and are not necessarily repeated therein. The restatement of these objections in specific responses below should not be construed as a waiver of this general objection as to other responses.

1.      Mr. Silver objects to each Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, lacks sufficient particularity, and requests documents that are not relevant or not reasonably calculated to lead to the discovery of admissible evidence.

2.      Mr. Silver objects to each Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the joint defense privilege, the

1

common interest privilege, the work product doctrine, the privilege accorded subsequent remedial measures, criminal or civil laws (including privacy laws), or any other applicable privilege or doctrine protecting such documents from disclosure.  Mr. Silver reserves the right to withhold privileged documents.

3.      Mr. Silver objects to each Request to the extent that it seeks documents that are outside Mr. Silver's custody and control.

4.      Mr. Silver objects to each Request to the extent that it seeks documents that are duplicative of documents sought by prior Requests.  Responsive documents will only be produced once.

5.      Mr. Silver objects to each Request to the extent that it is inconsistent with, or impose obligations or burdens beyond those required or permitted by, the Federal Rules, applicable Local Rules and Individual Practices, and the rulings of this Court.

6.      Mr. Silver objects to each Request to the extent that it seeks the disclosure of confidential, personal, proprietary financial information, or trade secrets, or otherwise requires Mr. Silver to violate the privacy or proprietary rights of others.

7.      Mr. Silver objects to each Request to the extent that it calls for the production of documents readily available through public sources.

8.      Mr. Silver objects to each Request and each Definition to the extent that it is argumentative or asserts facts or conclusions that are disputed in this action.

9.      Mr. Silver's responses are based solely on the information obtained and reviewed to date.  Discovery and investigation of facts relevant to this case are ongoing, and Mr. Silver reserves the right to amend, modify, or supplement these objections and responses as necessary to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All communications and other documents requested to be identified in Plaintiff's Third Set of Interrogatories, to the extent such documents have not previously been produced to Plaintiff.

**OBJECTIONS TO REQUEST NO. 1:**

In addition to the General Objections, Mr. Silver responds to Request No. 1 by stating that no such documents have been identified.

**REQUEST NO. 2:**

A copy of the engagement letter agreement entered into with Foley & Lardner LLP in connection with the acquisition of the Carwash Business, executed on behalf of the client, together with the email transmitting such agreement, if any.

**OBJECTIONS TO REQUEST NO. 2:**

In addition to the General Objections, Mr. Silver specifically objects to Request No. 2 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to the foregoing objections, Mr. Silver will produce responsive, non-privileged documents that can be located after a reasonable search.

**REQUEST NO. 3:**

An organization chart sufficient to show the relationships between Sherman Financial Group LLC, Resurgent Capital Services L.P., and Sherman Capital Markets LLC in June 2020, or at the date closest thereto for which such an organization chart exists.

**OBJECTIONS TO REQUEST NO. 3:**

In addition to the General Objections, Mr. Silver specifically objects to Request No. 3 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to

3

lead to the discovery of admissible evidence in this action.


Dated: New York, New York
       September 15, 2023

By: _/s/_ Niall D. Ó Murchadha
John M. Lundin
Niall D. Ó Murchadha
LUNDIN PLLC
405 Lexington Avenue, 26th Floor
New York, NY 10174
jlundin@lundinpllc.com
nomurchadha@lundinpllc.com
Office: 212.541.2402
